IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DARNELLE FLORENCE**                                                      **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 1:04cv867LG-JMR**

**JAMES HOLDEN and RITH LUMPKIN**                           **DEFENDANTS**

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion [17-1] of defendant James Holden ("Holden") for Summary Judgment. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Motion [17-1] for Summary Judgment is well taken, and should be granted. Accordingly, Florence's petition in the above-captioned action should be dismissed.

**STATEMENT OF CASE**

The plaintiff, Darnelle Florence ("Florence"), was an inmate in the Pearl River County Jail in Poplarville, Mississippi. The subject of this lawsuit regards medical treatment requested by Florence for an alleged rising bump on his head due to a spider bite. Florence alleges that he complained about the bump on or about October 15, 2004. (*See* Complaint and Amended Complaint).

Specifically, Florence alleges that Holden and Ruth Lumpkin ("Lumpkin"), mistakenly identified as "Rith Lumpkin," the nurse at the Pearl River County Jail, violated his constitutional rights because of unsanitary conditions in the jail and because over a week passed before Florence received medical attention from a doctor for his bump. (*See* Complaint and Amended Complaint). According to the plaintiff, Lumpkin examined the area in question and prescribed some medication for the infection. *See Id*. Plaintiff claims that he complained about his condition for the next week

or so before he was brought to see Dr. Marcella Mora, who then diagnosed the area in question as a spider bite and treated the plaintiff for ten days. *See Id*. Plaintiff requests for relief that Holden and Lumpkin have "some kind of disciplinary action against them or be replaced" and to be awarded $25,000 for punitive and compensatory damages and $225,000 for pain and suffering. (*See* Complaint). The plaintiff did not file a response to Holden's Motion for Summary Judgment.

## ANALYSIS

*I. Standard of Review*

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97. "The requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light

most favorable to the party resisting the motion. *See Howard*, 783 F.2d at 1315. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson*, 477 U.S. at 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315. That is to say, the non-moving party must go beyond the pleadings and by his or her own affidavit, or by the "depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Thomas v. Harris County*, 784 F.2d 648 (5th Cir. 1986).

## *II. 42 U.S.C. § 1983*

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights that are secured by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

Claims against governmental agents or officers in their official capacities are essentially claims against the governmental entity itself. *See Moore v. Carroll County*, 960 F.Supp. 1084,

1087 n.3 (N.D. Miss. 1997). The suit is against the office that the employee holds and not the actual employee. *See Brandon v. Holt*, 105 S.Ct. 873, 878, 469 U.S. 464, 471-72 (1985); *Kentucky v. Graham*, 105 S.Ct. 3099, 3104-05, 473 U.S. 159, 165 (1985); *Moore*, 960 F.Supp. at 1087 n.3. The plaintiff's official capacity claims, if any, against Holden and Lumpkin are in reality claims against the office of the Sheriff of Pearl River County. Since the Sheriff's Office is a local governmental entity, the plaintiff must demonstrate that his claims are actionable under the United States Supreme Court's jurisprudence regarding municipal liability.

A plaintiff must establish the existence of three elements to make a claim for section 1983 municipal liability: (1) the existence of a policy maker; (2) the existence of an official policy; and (3) the violation of constitutional rights whose "moving force" is the policy or custom. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), 98 S.Ct. 2018; *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 53 (2001).

There is no respondeat superior liability under 42 U.S.C. § 1983. Therefore, before a county or its officers in an official capacity can be found liable under § 1983, there must be a policy, custom or practice that caused the deprivation of rights. *Monell,* 98 S.Ct. 2018, 436 U.S. 658 (1978); *Piotrowski*, 273 F.3d 567 (5th Cir. 2001).

The Fifth Circuit stated in *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997):

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff <u>must initially allege</u> that an <u>official policy or custom</u> "was a cause in fact of the deprivation of rights inflicted." *Leffall v. Dallas Indep. Sch. Dist.* 28 F.3d 521, 525 (5th Cir. 1994). To satisfy this cause in fact requirement, a plaintiff must allege that "the custom and policy served as the moving force behind the [constitutional] violation" at issue, *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996), <u>or</u> that her

> injuries resulted from the execution of the official policy or custom, *Fraire v. Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992). The description of a policy or custom and its relations to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts. *Id.* at 1278.

(Emphasis added). "[A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' to its known or obvious consequences." *Piotrowski*, 237 F.3d at 579, n. 22 (quoting *Bd. Of Comm'rs of Bryan County*, 520 U.S. 397, 407, 117 S.Ct. 1382, 1390, citing *Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197 (1989)).

In *Hare v. City of Corinth*, 74 F.3d 633 (5th Cir. 1996), the Court articulated the standard applicable to a pretrial detainee's claim of failure to provide medical care or safety/protection when what is challenged is an episodic act or omission:

> [T]he episodic act or omission of a state jail official does not violate a pretrial detainee's constitutional right to be secure in his basic human needs, such as medical care and safety, unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs.

*Hare*, 74 F.3d at 647-48.

Liability for failing to provide the constitutional right to medical care attaches if a plaintiff can show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted. *Wagner v. Bay City, Texas*, 227 F.3d 316, (5th Cir. 2000). Mere negligence will not suffice, and deliberate indifference, that is, the subjective intent to cause harm, cannot be inferred from a failure to act reasonably. *Id.* (quoting *Hare v. City of Corinth,* 74 F.3d 633, 647-48 (5th Cir. 1996). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm."

5

*Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001)(quoting *Hare,* 74 F.3d at 645, 649). Rather, for individual liability to attach, "deliberate indifference" in the context of an episodic failure to provide reasonable medical care (and protection from harm) to a pretrial detainee means that: 1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm occur. *Thompson*, 245 at 458-59. (citing *Hare*, 74 F.3d at 643, 649-50). Furthermore, "[n]egligent inaction by a jail officer does not violate the due process rights of a person lawfully held in custody of the State." *Sibley v. Lemaire,* 184 F.3d 481, 489 (5th Cir. 1999).

Based on the record before the Court, the plaintiff has failed to demonstrate that the defendants acted or failed to act with deliberate indifference to his needs. It is Florence's position that he suffered such a deprivation when failed to provide him with medical care quickly enough and that he suffered because of it; however, this is an assertion without a basis. Florence's real complaint is not the denial of medical care, but instead it is his disagreement with the medical care provided. The record supports the conclusion that Florence received medical care and in a timely fashion. Florence saw Nurse Lumpkin shortly after complaining about the bump and she prescribed him medicine for his condition. (*See* Complaint and Amended Complaint). In addition, a week or so later, he saw a physician who diagnosed the spider bite and treated the plaintiff for ten days. *See Id*. Therefore, the record reflects that policies were in place and were followed to allow Florence to have access to medical personnel.

Additionally, Florence's claim of improper medical treatment fails because even if he has a problem with the treatment that he received, this does not rise to the level of deliberate

6

indifference. *Estelle* v. *Gamble,* 429 U.S. 97, 107 (1976) (finding "a complaint that a physician has been negligent in [diagnosis or treatment] does not state a valid claim of [deliberate indifference because] . . . [m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner ."). Florence does not offer any evidence that Payne knew of his condition or acted with deliberate indifference towards him. Holden is entitled to summary judgment because Florence has failed to show that Holden acted pursuant to an unconstitutional policy and he has failed to show that Holden acted with deliberate indifference.

Taking the facts as alleged by the plaintiff in his pleadings as true, all allegations are directed toward Holden in his official capacity. However, even if this Court construed Florence's complaint to be against Holden, individually, he is entitled to qualified immunity.

Qualified immunity is premised on the principle that government cannot operate efficiently if its employees and agents are subject to the cost and time of litigation. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The first step in determining the applicability of qualified immunity is whether the plaintiff has alleged the violation of a clearly established constitutional right[;] and, if that right has been established, the Court must next determine whether the defendant's conduct was objectively reasonable. *Jones v. City of Jackson*, 203 F.3d 875, 879 (5th Cir. 2000). "Reasonableness" is assessed in light of the legal rules clearly established at the time of the incident. *Id.*

Based on the Court's analysis set forth above, it is clear that the plaintiff is alleging medical negligence, hardly a violation of clearly established constitutional right. Furthermore, based on the facts as presented by the plaintiff, Holden's conduct was objectively reasonable as assessed in light of the legal rules established at the time of this incident. Therefore, Holden is entitled to

qualified immunity as to any perceived claims brought against him in his individual capacity.

The plaintiff has provided no more than bare bones allegations in his amended complaint as to his claims of unsanitary conditions at the jail.  Furthermore, he did not answer the defendant's requests for admissions, and under Federal Rule of Civil Procedure 36, is therefore deemed to have admitted that there are no genuine issues of material fact in the case sub judice.

## **CONCLUSION**

Based on the foregoing, this Court is of the opinion that Florence has failed to demonstrate that Holden had or employed an unconstitutional policy and has failed to show that Holden acted with deliberate indifference; therefore, the plaintiff has failed to meet his burden of demonstrating any genuine issues of material fact which would preclude summary judgment on his section 1983 claim.  Accordingly, this Court finds that Holden's Motion [17-1] for Summary Judgment should be granted, and that all of the plaintiff's claims should be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the ___20th___ day of July, 2006.

                                                      _s/ John M. Roper, Sr._
                                       CHIEF UNITED STATES MAGISTRATE JUDGE